# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RIGOBERTO RODRIGUEZ,
    Appellant,

v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
AT-0752-16-0065-I-1

DATE: September 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Rigoberto Rodriguez, Orlando, Florida, pro se.

David Gallagher, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal based on lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant retired from the U.S. Postal Service on January 1, 2009. Initial Appeal File (IAF), Tab 5 at 3, Tab 6 at 44; Petition for Review (PFR) File, Tab 1 at 3. There is no dispute that he has received an annuity under the Federal Employees' Retirement System (FERS) since that time. IAF, Tab 6 at 40-41. The appellant was first reemployed by the Department of Homeland Security (DHS) on July 5, 2011. PFR File, Tab 3 at 10. He was subsequently selected for a position at the Defense Contract Audit Administration (DCAA) and was appointed via transfer from DHS effective December 2, 2012. IAF, Tab 5 at 6-7, Tab 6 at 46-47. The appellant received an "Unacceptable" performance rating on October 5, 2015. IAF, Tab 6 at 29-32. On October 9, 2015, the appellant's appointment was terminated. *Id*. at 25, 27. The appellant appealed the termination. IAF, Tab 1 at 5.

¶3 The administrative judge issued a show cause order, which explained that reemployed annuitants generally have no right to appeal a termination to the Board and provided the appellant an opportunity to present evidence and argument establishing a nonfrivolous allegation of jurisdiction. IAF, Tab 4. After considering the appellant's response, the administrative judge issued a

decision, without holding a hearing, finding that the Board lacks jurisdiction over the appeal because, as a reemployed annuitant, the appellant served at the will of the agency. IAF, Tab 10, Initial Decision (ID).

¶4  The appellant has filed a petition for review arguing that, because another administrative judge found that he was entitled to a jurisdictional hearing in a reduction-in-force appeal that also was filed while he was a reemployed annuitant, he should be entitled to a jurisdictional hearing in this appeal. PFR File, Tab 1 at 7‑8. The appellant also appears to be arguing that, because he transferred from DHS, he is no longer a reemployed annuitant. *Id.* at 9-10. The agency has opposed the appellant's petition for review. PFR File, Tab 3. The appellant has filed a response to the agency's opposition. PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5  Under 5 U.S.C. § 3323(b)(1), an annuitant, as defined by section 8331 or 8401 of title 5, can be reemployed. However, a reemployed annuitant receiving an annuity serves at the will of the appointing authority. *Vesser v. Office of Personnel Management*, 29 F.3d 600, 604 (Fed. Cir. 1994); *Bovay v. Small Business Administration*, 100 M.S.P.R. 175, ¶ 7 (2005). Generally, such an employee has no right to appeal an adverse action to the Board. *Vesser*, 29 F.3d at 604; *Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 9 (2012) (finding that the appellant's reemployment after retirement under FERS was as a reemployed annuitant because his annuity continued upon his reemployment).

¶6  The appellant argues that he also has made a nonfrivolous allegation of jurisdiction in his current appeal because the administrative judge in the appellant's previous reduction-in-force appeal, filed while he was a reemployed annuitant, found that he had made a nonfrivolous allegation of jurisdiction. PFR File, Tab 4 at 5; IAF, Tab 5 at 4. To the extent that the appellant may be arguing that the doctrine of collateral estoppel applies here, we disagree. *See generally McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005)

(explaining that the doctrine of collateral estoppel may preclude relitigation of an issue if, among other things, the parties actually litigated the identical issue in the prior action).  The appellant's prior appeal was dismissed as settled without resolving whether the Board had jurisdiction pursuant to reduction-in-force regulations.  *Rodriguez v. Department of Defense*, MSPB Docket No. AT-0752-13-0390-I-1, Initial Decision at 2 (May 13, 2013); Order and Notice of Hearing and Prehearing Conference at 1 & n.1 (Apr. 9, 2013) (citing 5 C.F.R. § 351.901).  Thus, no jurisdictional issue was actually litigated in the prior appeal.  Further, the jurisdictional issue identified in the appellant's 2013 appeal concerned the potential application of reduction‑in‑force regulations, which are not even arguably the basis for jurisdiction in this appeal.

¶7        The appellant also appears to argue that he is not a reemployed annuitant because he was appointed via a transfer from DHS and was not separated from his first postretirement appointment.  PFR File, Tab 1 at 10-11.  A transfer is a change from a position in one agency to a position in another agency.  5 C.F.R. § 210.102(b)(18).  A reemployed annuitant is an employee whose annuity continued after reemployment.  5 C.F.R. § 210.102(b)(13).  The appellant's status as a reemployed annuitant was not altered by his transfer from one position to another.  The parties do not dispute that the appellant continued to receive his annuity after he was transferred to the DCAA.  IAF, Tab 6 at 34, 40‑41, 46; PFR File, Tab 4 at 11.  Therefore, he was a reemployed annuitant when he was terminated from his position at the DCAA.

¶8        The appellant argues that the agency failed to advise him about the consequences of being hired as a reemployed annuitant.  PFR File, Tab 1 at 11‑13.  However, a new employing agency has no obligation to inform an employee of the effect that an appointment will have on his chapter 75 adverse action rights.  *See Park v. Department of Health & Human Services*, 78 M.S.P.R. 527, 535 (1998).  Even if the agency had an obligation to inform the appellant

that he served at‑will, a breach of that obligation would not except the appellant from his at‑will status under 5 U.S.C. § 3323(b)(1).  In other words, the appellant was an at‑will employee even if the agency neglected to inform him of that fact.  *See Dunklebarger v. Merit Systems Protection Board*, 130 F.3d 1476, 1480 (Fed. Cir. 1997) (finding that the principles of estoppel do not apply to vest the Board with jurisdiction where Congress has not done so).

¶9        As a reemployed annuitant, the appellant served at the will of the appointing authority, and, based on the facts presented, he has no right to appeal his separation to the Board.  5 U.S.C. § 3323(b)(1).  Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.